# BANKRUTPCY APPELLATE PANEL

# OF THE SIXTH CIRCUIT

Case No.: 22-8002

In re: Kathy Ellen Richards, Debtor

Bankruptcy Case No. 4:21-bk-40438

## APPEAL FROM THE WESTERN DISTRICT

## OF KENTUCKY OWENSBORO DIVISION,

Hon. Charles R. Merrell, Presiding

## BRIEF OF THE APPELLEE, MARK LITTLE, TRUSTEE

Mark Little
Chapter 7 Trustee
1917 Versnick Drive
Madisonville, Kentucky 42431
(270) 871-6260
trustee@littlelawky.com

## CORPORATE DISCLOSURE STATEMENT

The Appellee is a natural person.

## TABLE OF CONTENTS

STATEMENT OF THE ISSUES     Page 3

STATEMENT OF THE CASE     Page 4

SUMMARY OF THE ARGUMENT     Page 4

ARGUMENT     Page 5

THE CASE SHOULD BE DIMSISSED AS BEING MOOT     Page 5

THE DEBTOR CANNOT CLAIM A HOMESTEAD
EXEMPTION IF SHE DID NOT OWN A HOME     Page 8

THE DEBTOR CANNOT CLAIM A HOMESTEAD EXEMPTION
IN THE PROCEEDS FROM THE SALE OF THE HOUSE    Page 9

STATE LAW DOES NOT APPLY TO FEDERAL EXEMPTIONS

Page 14

FEDERAL COMMON LAW DOES NOT APPLY TO FEDERAL
EXEMPTIONS    Page 16

CONCLUSION    Page 18

## TABLE OF AUTHORITES

11 U.S.C. §541 (a)    Pages 8, 13

11 U.S.C. §522 (d)(1)    Pages 8, 9, 11, 13, 15, 18,19

11 U.S.C. §522 (d)(5)    Pages 10, 19

*Amalgamated Asso., etc. v. Wisconsin Employment Relations Board*, 71 S. Ct. 340
375; U.S. 416, 418 (1951), 95 L. Ed. 389, 1951    Page 5

*Church of Scientology of Cal.* v. *United States,* 506 U.S. 9, 12, 113 S. Ct. 447, 121
L. Ed. 2d 313 (1992).    Page 7

ECF DOCKET NO. 34    Page 5

*In re Awayda*, 574 B.R. 692 (Bankr. C.D. III. 2017)    Page 13

*In re Boward*, 334 B.R. 350,352 (Bankr. D. Mass. 2005)    Pages 11, 16

*In re Gervais*, 523 B.R. 334, 338, (Bankr. D. Mass. 2015)    Page 11

*In re Gundy*, 327 B.R. 807, 809 (Bankr. S.D. TX 2005)    Page 12

*In re Healy*, 100 B.R. 443 (Bankr. W.D. Wis. 1989)    Page 9

*In re Lawrence*, 469 B.R. 140 (Bankr. D. Mass 2012)    Page 14

*In re Stoner*, 487 B.R. 410 (Bankr. D. N.J. 2013      Page 15

*In re Yerian*, 927 F.3d 1223, 1229 (11th Cir. 2019)      Page 13

*Law v. Segal*, 571 U.S. 415, 134 S. Ct. 1188, 188 L. Ed. 146 (2014)
     Pages 18, 20

*Lebanon Chem. Corp. v. United Farmers Plant Food, Inc.*, 179 F.3d 1095, 1099 (8th Cir. 1999).      Page 7

*Knox v. Service Employees*, 567 U.S. 298, 307, 132 S. Ct. 2277, 183 L. Ed. 2d 281, 295 (2012).      Page 6

<u>*Owen v. Owen*</u>, 500 U.S. 305, 308; 111 S. Ct. 1833; 1141 L. Ed. 2d 350 (1991)
     Pages 8, 13

*Radiant Global Logistics, Inc. v. Furstenau*, 951 F. 3d 393, 396 (6th Cir. 2020)
     Page 7

RECORD OF APPEAL #33      Page 12

*Staun & Co. v. Proctor, Jr.,* 152 Ky. 142, 153 S.W. 196 (Ky. App. 1913)
     Page 16

*Texas Industries, Inc. v. Radcliff Materials, Inc*., 451 U.S. 630 101 S. Ct. 2061, 68 L. Ed. 500 (1981)      Page 16

## <u>STATEMENT OF THE ISSUES</u>

There are two issues before this Court. Initially, may the Debtor claim a homestead exemption pursuant to 11 U.S.C. §522(d)(1) of the proceeds from the sale of the Debtor's residence which occurred pre-petition. The other issue is whether the amendment of the Debtor's homestead exemption on January 11, 2022 in which the Debtor changed her homestead exemption to the proceeds of the sale

of the house to a wildcard exemption pursuant to 11 U.S.C. §522 (d)(5) renders this appeal as moot.

## STATEMENT OF THE CASE

The Trustee agrees generally with the statement of the case in the Debtor's brief filed with this Court up to January 10, 2022 when Judge Merrell rendered his decision sustaining the Trustee's objection to the Debtor's claim of a homestead exemption. The Trustee would add to the Debtor's statement of the case on January 11, 2022 the Debtor amended her claim of a homestead exemption of the proceeds from the pre-petition sale of the house (ECF Doc. No. 34). The Debtor amended her schedule C to claim an exemption of the proceeds from the sale of the house pursuant to 11 U.S.C. §522(d)(5) (wildcard) in the amount of ten thousand six hundred ninety-eight ($10,698.00) dollars. On the day the Debtor filed her notice of appeal on January 17, 2022, she no longer claimed a homestead exemption. On February 19, 2022 the Debtor remitted to the Trustee the sum of twelve thousand five hundred seventy ($12,570.78) dollars and seventy-eight cents. This amount reflects the balance of the proceeds from the sale of the house held in the Debtor's attorney's escrow account after the payment of the Debtor's wildcard exemption.

## SUMMARY OF THE ARGUMENT

The Trustee asserts the issue on appeal raised by the Debtor is now moot based on her amended schedule C filed January 11, 2022 in which she deleted her claim of

a homestead exemption and claimed a wildcard exemption in the proceeds of the pre-petition sale of her home (ECF Entry No. 34). Any decision rendered by this Court would only be advisory and will not change the outcome in the case. "A federal court is without power to decide moot questions or to give advisory opinions which cannot affect the rights of the litigants in the case before it" *Amalgamated Asso., etc. v. Wisconsin Employment Relations Board,* 71 S. Ct. 373, 375; 340 U.S. 416, 418 (1951), 95 L. Ed. 389, 1951

The Trustee also asserts the Bankruptcy Court ruled correctly that as the Debtor did not have an interest in the previous homestead on the day she filed for relief in bankruptcy, she could no longer claim a homestead exemption in the house or in the proceeds from its sale. As the Debtor's homestead no longer existed the day she sold the house, there can be no tracing of the proceeds to an exemption which did not exist as of the day of filing her bankruptcy petition.

## ARGUMENT
## THE CASE SHOULD BE
## DISMISSED AS BEING MOOT

The Trustee argues the issue raised on appeal by the Debtor is now moot and the appeal should be dismissed as there is no longer a justiciable issue. The Debtor filed an amended schedule C the day after the Court issued its Memorandum and Order sustaining the Trustee's objection to the Debtor's claim of a homestead

exemption. When the Debtor filed her notice of appeal on January 17, 2022, she no longer claimed a homestead exemption of the proceeds from the sale of her home. Effectively, the Debtor waived her claim of a homestead exemption to the proceeds by filing her amended schedule C and claiming a wildcard exemption to the proceeds. The Debtor received her claimed wildcard exemption in February 2022. There is no longer any issue in dispute on appeal in the subject case.

The concept of mootness is imbedded in the Constitution of the United States and is intended to prevent Courts from issuing advisory opinions. There must be an actual issue in controversy:

> Article III of the Constitution limits federal-court jurisdiction to "cases" and "controversies." U.S. Const., Art. III, §2. We have interpreted this requirement to demand that "an actual controversy . . . be extant at all stages of review, not merely at the time the complaint is filed." *Arizonans for Official English* v. *Arizona*, 520 U.S. 43, 67, 117 S. Ct. 1055, 137 L. Ed. 2d 170 (1997) (quoting *Preiser* v. *Newkirk*, 422 U.S. 395, 401, 95 S. Ct. 2330, 45 L. Ed. 2d 272 (1975)). "If an intervening circumstance deprives the plaintiff of a personal [*161] stake in the outcome of the lawsuit,' at any point during litigation, the action can no longer proceed and must be dismissed as moot." *Genesis HealthCare Corp.*, 569 U.S., at 72, 133 S. Ct. 1523, 185 L. Ed. 2d 636, 643 (quoting *Lewis* v. *Continental Bank Corp.*, 494 U.S. 472, 477-478, 110 S. Ct. 1249, 108 L. Ed. 2d 400 (1990)). A case becomes moot, however, "only when [****12] it is impossible for a court to grant any effectual relief whatever to the prevailing party." *Knox v. Service Employees*, 567 U.S. 298, 307, 132 S. Ct. 2277, 183 L. Ed. 2d 281, 295 (2012).

In the present case, when the Debtor elected to amend her homestead exemption to a wildcard exemption, she removed any issue in controversy for this Court to adjudicate. There were no objections to her amended claim of exemption and she received her wildcard exempted proceeds. There is no relief this Court can grant the Debtor in this appeal: "If during litigation the claimant loses a personal stake in the outcome, or it becomes "impossible for the court to grant" meaningful relief, there is no longer a case or controversy and we must dismiss the case as moot." *Church of Scientology of Cal.* v. *United States,* 506 U.S. 9, 12, 113 S. Ct. 447, 121 L. Ed. 2d 313 (1992). The United States Court of Appeals for the Sixth Circuit recently followed this ruling when it dismissed an appeal as being moot: "Measured by these principles, this appeal is moot. The six-month noncompete restrictions expired in August, and today "require nothing of" and "mean nothing to" BTX." *Radiant Global Logistics, Inc. v. Furstenau*, 951 F. 3d 393, 396 (6th Cir. 2020). The Debtor's amended claim of exemption rendered her appeal as moot thereby preventing this Court from granting relief: "Through the passage of time and the occurrence of irrevocable events, disputes may disappear so that federal courts no longer can grant effective relief." . . . When this happens, the issue is moot and a federal court has no power to decide the issue." *Lebanon Chem. Corp. v. United Farmers Plant Food, Inc.*, 179 F.3d 1095, 1099 (8th Cir. 1999). For the foregoing reasons, the Trustee argues the appeal is moot and should be dismissed.

## THE DEBTOR CANNOT CLAIM A HOMESTEAD EXEMPTION IF SHE DID NOT OWN A HOME

In the event the Court does not find the Debtor's appeal to be moot, the Trustee agrees with the Debtor's framing of the issue on appeal: "Whether or not the bankruptcy court erred when it held that 11 U.S.C. §522(d)(1) does not permit the exemption of the proceeds from the pre-petition sale of the Debtor's homestead." The Debtor filed her petition for bankruptcy on August 26, 2021, five days after the sale of her house. On the day she filed her bankruptcy, the Debtor did not have any ownership interest in the house and lot located at 242 Lakewood Drive, Owensboro, Kentucky and thus it was not property of the bankruptcy estate pursuant to 11 U.S.C. §541(a).

It is axiomatic in bankruptcy law a debtor cannot exempt property he or she does not own or in which the debtor does not have an interest as of the date of filing their bankruptcy petition: "No property can be exempted (and thereby immunized), however, unless it first falls within the bankruptcy estate. Section 522 (b) provides that the debtor may exempt certain property "from property of the estate"; obviously, then, an interest that is not possessed by the estate cannot be exempted." _Owen v. Owen_, 500 U.S. 305, 308; 111 S. Ct. 1833; 1141 L. Ed. 2d 350 (1991). As the Debtor did not a home as of the date of filing, she cannot claim a homestead of the house she sold pre-petition.

**THE DEBTOR CANNOT CLAIM A HOMESTEAD EXEMPTION
IN THE PROCEEDS FROM THE SALE OF THE HOUSE**

The issue is whether the proceeds from the sale of her homestead are exempt. As the Trustee asserted in his objection to the Debtor's claim of homestead exemption and with which the Bankruptcy Court agreed in its Memorandum and Order entered January 10, 2022, there is no language in 11 U.S.C. §522(d)(1) which explicitly or implicitly allows or permits the exemption of the proceeds of the sale of a Debtor's homestead pre-petition. The Debtor in her memorandum filed with the Bankruptcy Court and in her appellate brief does not provide any authority to support her argument the proceeds from the sale of her home are exempt pursuant to 11 U.S.C. §522(d)(1).

There is ample caselaw to support the Trustee's assertion the homestead exemption does not apply to the proceeds of the sale of the Debtor's home pre-petition. The Court in *In re Healy*, 100 B.R. 443 (Bankr. W.D. Wis. 1989) noted there is nothing in 11 U.S.C. §522(d)(1) which allows the claim of a homestead exemption in the proceeds from the pre-petition sale of debtor's home: "The exemption laws of many states including Wisconsin, exempt proceeds from the sale of a homestead. There is, however, no equivalent language in section 522 (d) (1), and none can be inferred." *Id*. at page 445. The Healy Court further noted regarding the claim of a wildcard exemption pursuant to 11 U.S.C. §522(d)(5): "Using this 'wildcard' exemption, the Healys, who did not own a homestead when they filed

bankruptcy, could have utilized at least part of section 522(d)(1) homestead exemption to preserve the escrowed proceeds." *Id.* at page 445. This is precisely what the Debtor did in the instant case. When she amended her homestead exemption to a wildcard exemption, the Debtor applied the unused portion of her homestead exemption to her wildcard exemption as permitted by 11 U.S.C. §522(d)(5). Her amendment constituted an acknowledgment by the Debtor she was not entitled to a homestead exemption of the proceeds from the sale of the residence.

In a more recent case, the Bankruptcy Court for the District of Massachusetts made a similar finding regarding the claim of a homestead exemption of the proceeds of the pre-petition sale of the debtor's home:

> "Ms. White contends that this claimed exemption has no basis, arguing that the plain language of § 522(d)(1), which exempts in Ms. Gervais's case "[t]he debtor's aggregate interest, not to exceed $21,625 in value, in real property . . . that the debtor uses as a residence," does not apply to proceeds from the prepetition sale of such property. Case law supports this conclusion. *See In re Lawrence*, 469 B.R. 140, 142 (Bankr. D. Mass. 2012) (explaining that, because § 522(d)(1) requires [**10] that the debtor "use" the residence, such usage must "at least exist as of the petition date"); *In re Boward*, 334 B.R. 350, 351-52 (Bankr. D. Mass. 2005) (holding that a debtor's § 522(d)(1) exemption was invalid when the debtor exempted proceeds from the pre-petition sale of the debtor's marital home which were paid to a judgment creditor with an attachment on the debtor's interest in the home); *In re Healy*, 100 B.R. 443, 445 (Bankr. W.D. Wis. 1989) (holding that debtors could not exempt under § 522(d)(1) proceeds from the prepetition sale of their home)." *In re Gervais*, 523 B.R. 334, 338, (Bankr. D. Mass. 2015).

(The Garvin Court ruled against the Trustee's objection to the claim of a homestead exemption to the proceeds only because her objection was not made timely.) Clearly, there is no caselaw which supports the Debtor's claim of a homestead exemption in the proceeds of the pre-petition sale of the Debtor's home.

11 U.S.C. §522(d)(1) permits a debtor to exempt: "(1) The debtor's aggregate interest, not to exceed $25,150.00 in value, in real property or personal property that the debtor or a dependent of a debtor uses as a residence…" The statute does not include a provision which permits the exemption of the proceeds from the sale of a homestead pre-petition. The statute requires the Debtor to be residing in the home on the day of filing their bankruptcy petition in order to claim a homestead exemption. The Debtor argues this Court should look to state law to interpret this statute as permitting the exemption in the proceeds of the sale of the homestead.  The majority of caselaw supports the proposition 11 U.S.C §522(d)(1) is clear and not subject to ambiguity requiring a Court to refer to state law to interpret: "Section 522(d)(1) affords a debtor the opportunity to elect a federal bankruptcy law exemption in real property that the debtor "uses as a residence." 11 U.S.C. § 522(d)(1). The statutory language is free of ambiguity and plain in its meaning: the debtor must be residing in the property at the time of the commencement of the bankruptcy case. *In re Boward,* 334 B.R. 350, 352 (Bankr. D. Mass. 2005). A Texas Court made a similar finding regarding the interpretation of the homestead exemption:

When analyzing any statute, the Court begins its analysis with the plain language of the statute itself. *Ron Pair v. United States,* 489 U.S. 235, 103 L. Ed. 2d 290, 109 S. Ct. 1026 (1989) (a court's duty is to interpret a statute according to its plain language). "Where … the statute's language is plain, 'the sole function of the courts is to enforce it according to its terms.'" *Id.* at 241 (quoting *Caminetti v. United States,* 242 U.S. 470, 485, 61 L. Ed. 442, 37 S. Ct. 192 (1917). Under the plain language of § 522(d)(1), the phrase "uses as a residence" denotes occupancy of the proposed exempt property by the debtor. *See In re Lusiak,* 247 B.R. at 702 (noting the language of § 522(d)(1) appears, at a minimum, to "[denote] occupancy of the premises by the debtor as a principal place of dwelling."); *see also In re Healy,* 100 B.R. 443 (Bankr. W.D. Wis. 1989) ("occupancy requirement is the *sine qua non* of the homestead exemption"). Thus, under the plain language of the statute, the phrase "uses as a residence" indicates a present use or occupancy as opposed to a future intent to occupy. Accordingly, the Court concludes that § 522(d)(1)'s plain language unambiguously [**7] requires actual occupancy at a point prior to the bankruptcy filing. *In re Gundy*, 327 B.R. 807, 809 (Bankr. S.D. TX 2005)

The homestead exemption clearly requires the Debtor to reside in the home on the date of filing their bankruptcy petition in order to claim an exemption. As Judge Merrill noted in his Memorandum and Order entered January 10, 2022 [AE # at page 4] "The language of the Code is clear and unambiguous in this instance, vesting no exemption power in the ***proceeds*** arising out of the pre-petition sale of a debtor's homestead." The Debtor does not argue or assert she resided in the house located at 242 Lakewood Drive, Owensboro, Kentucky at the day she filed her bankruptcy petition.  Clearly, on the day she filed her bankruptcy petition, she did not reside in the residence and was not entitled to claim a homestead exemption.

The date of filing a bankruptcy petition defines what is property of the bankruptcy estate and what property a debtor may exempt:

> The Supreme Court has explained that it is the date of filing when "the status and rights of the bankrupt, creditors and the trustee . . . are fixed." *White v. Stump*, 266 U.S. 310, 313, 45 S. Ct. 103, 69 L. Ed. 301 (1924); *see also Owen v. Owen*, 500 U.S. 305, 314 n.6, 111 S. Ct. 1833, 114 L. Ed. 2d 350 (1991). This approach has become known as the "snapshot" rule, which the majority of courts [**6] have held applies to the determination of **exemption** rights. *See, e.g., Lantz*, 446 B.R. at 858; *In re Oaks*, 2004 Bankr. LEXIS 563, 2004 WL 950725, at *1 (Bankr. C.D. Ill. Apr. 26, 2004) (Perkins, J.); *In re Owens*, 269 B.R. 794, 796 (Bankr. N.D. Ill. 2001). *In re Awayda*, 574 B.R. 692 (Bankr. C.D. III. 2017).

Commonly referred to as the snapshot rule, the date of filing of the bankruptcy petition dictates what is property of the bankruptcy estate and which in turn, determines the exemptions the debtor may elect. If a debtor does not own or have an interest in the property as set forth in 11 U.S.C. §541(a) on the day of filing their petition, the debtor cannot then claim an exemption in property which does not belong to them: "In bankruptcy law, no property can be exempted, and thereby immunized against liability for prebankruptcy dents, unless the property first falls with the bankruptcy estate…." *Owen vs Owen*, 500 U.S. 305, 308, 111 S. Ct 1833; 114 L. Ed. 2d 350 (2013). "It is settled law that a claim of exemption is to be determined as of the petition date." *In re Yerian*, 927 F.3d 1223, 1229 (11th Cir. 2019). In the present case, in order for the Debtor to claim a homestead exemption

in the house, she must reside in the house on the day of filing her petition which she did not having sold the house five days previously. Thus, on the day she filed bankruptcy, the Debtor did not have a homestead to which she could claim an exemption pursuant to 11 U.S.C. §522(d)(1). As she did not have a homestead exemption available to her, she certainly could not exempt the proceeds of the sale of the house as her homestead.

## STATE LAW DOES NOT APPLY TO FEDERAL EXEMPTIONS

In her brief, the Debtor argues this Court must look to state law in deciding whether the federal homestead exemption applies to the proceeds of the pre-petition sale of a debtor's home. The Debtor attempts to open the door for her argument by first discussing a line of cases in which a bankruptcy court looked to the state statute to interpret 11 U.S.C. §522(d)(1) for guidance of what constitutes a residence. The Debtor first addresses the case of *In re Lawrence*, 469 B.R. 140 (Bankr. D. Mass 2012). The Debtor believes the *Lawrence's* Court's reference to the Massachusetts homestead statute in permitting the claim of exemption pursuant to section 522(d)(1) supports her argument a bankruptcy court must refer to the state homestead exemption statues in applying the federal homestead exemption. The *Lawrence* case does not support that contention. The issue in the *Lawrence* case was which residence qualified as their homestead as the debtors owned two residences. The

Court applied section 522(d)(1) in deciding the case and not the Massachusetts homestead exemption statute.

The Debtor next cites the case of *In re Stoner*, 487 B.R. 410 (Bankr. D. N.J. 2013) for the proposition a bankruptcy court must apply state law and statutory history in deciding issues of what qualifies as a residence for purposes of claiming a homestead exemption. The *Stoner* Court believed the term residence as used in the statute was ambiguous and therefore referred to state law for guidance. In the present case, there is no ambiguity in 11 U.S.C. §522(d)(1) regarding the requirement of residence in the home to be eligible for the homestead exemption. There is nothing in the homestead exemption statute to suggest or insinuate the availability of the exemption of the proceeds from the pre-petition sale of the house: "The statutory language is free of ambiguity and plain in its meaning: the debtor must be residing in the property at the time of the commencement of the bankruptcy case." *In re Boward*, 334 B.R. 350,352 (Bankr. D. Mass. 2005) The Debtor's reliance on the *Stoner* decision is misplaced.

The Debtor next cites a series of Kentucky cases rendered prior to 2005 when Kentucky permitted debtors to opt out of the state exemption schemes and use the federal exemptions. The Debtor cites several Kentucky decisions in which the Kentucky appellate courts held the proceeds from workers compensation awards placed in bank accounts would still be considered exempt provided the funds could

be traced.  The Debtor further cites a 1913 Kentucky Court of Appeals case in which the then highest court in Kentucky held the Kentucky homestead exemption applied to the proceeds of the sale of the debtor's home.  (*Staun & Co. v. Proctor, Jr.,* 152 Ky. 142, 153 S.W. 196 (Ky. App. 1913) Both of these cases construe and interpret Kentucky exemption statutes and not the federal exemptions. The Debtor chose to use the federal exemptions and not the Kentucky exemptions. Once she made that election, she could not avail herself of the benefit of the Kentucky exemption statutes nor caselaw in support of the exemptions. As discussed above, as there is no ambiguity in the federal homestead exemption, there is no need to refer to the Kentucky exemption scheme or case law to construe the federal exemption.

## <u>FEDERAL COMMON LAW DOES<br>NOT APPLY TO FEDERAL EXEMPTIONS</u>

The Debtor cites the case of *Texas Industries, Inc. v. Radcliff Materials, Inc*., 451 U.S. 630 101 S. Ct. 2061, 68 L. Ed. 500 (1981) in support of her assertion this Court has the authority and perhaps the responsibility to apply federal common law in certain cases.  Unfortunately for the Debtor, this case does not mean all federal courts are permitted to apply federal common law when it sees fit:

> Rather, absent some congressional authorization to formulate substantive rules of decision, federal common law exists only in such narrow areas as those concerned with the rights and obligations of the United States, **12** [****22] interstate and international disputes

> implicating the conflicting rights of States or our relations with foreign nations, **13** and admiralty cases. **14** In these instances, our federal system does not permit the controversy to be resolved under state law, either because the authority and duties of the United States as sovereign are intimately involved or because the interstate or international nature of the controversy makes it inappropriate for state law to control.
> *Texas Industries, Inc. v. Radcliff Materials, Inc*., 451 U.S. 630, 640, 101 S. Ct. 2061, 68 L. Ed. 500 (1981)

The dicta in this case simply does not support the Debtor's argument this Court may extend the plain meaning of the federal homestead exemption to include the proceeds from the sale based on federal common law.

All of the cases cited by the Debtor in support of her argument this Court should consult Kentucky statutes and caselaw regarding the exemption of the proceeds from the sale of the Debtor's home pre-date the Supreme Court decision of *Law v. Segal*, 571 U.S. 415, 134 S. Ct. 1188, 188 L. Ed. 146 (2014). In a case involving the claim of a homestead exemption pursuant to 11 U.S.C. §522(d)(1), the Supreme Court ruled the bankruptcy court did not have the equitable authority to apply a surcharge to the Debtor's homestead exemption to pay for the Trustee costs and expenses in litigating his objection to the lien placed on the Debtor's home and the Debtor's amended claim of a homestead exemption: "We have long held that 'whatever equitable powers remain in the bankruptcy courts must and can only be exercised within the confines of' the Bankruptcy Code." *Id*. at page 421. The *Law* Court went on to hold:

> But even assuming the Bankruptcy Court could have revisited Law's entitlement to the exemption, § 522 does not give courts discretion to grant or withhold exemptions based on whatever considerations they deem appropriate. Rather, the statute exhaustively specifies the criteria that will render [*424] property exempt. See § 522(b), (d). *Law v. Segal*, 571 U.S. 415, 423, 134 S. Ct. 1188, 188 L. Ed. 146 (2014).

The ruling in *Law v. Segal* restricts the scope of a bankruptcy court's inquiry to the federal statutes especially as it concerns homestead exemption. The decision by the Supreme Court would seem to prohibit this Court from using the Kentucky homestead statutes and caselaw to interpret the federal homestead exemption scheme: "The Code's meticulous-not to say mind-numbingly detailed-enumeration of exemptions and exceptions to those exemptions confirms that courts are not authorized to create additional exceptions." *Id*. at page 424.

## <u>CONCLUSION</u>

The Trustee seeks the dismissal of the appeal taken by the Debtor, Kathy Ellen Richards, as being moot. Prior to filing her notice of appeal, the Debtor amended her claims of exemption by deleting her claim of a homestead exemption of the proceeds from the sale of her residence pre-petition pursuant to 11 U.S.C. §522(d)(1) and claiming a wildcard exemption pursuant to 11 U.S.C. §522(d)(5). Because of this exemption, the Debtor waived her claim to a homestead exemption of the proceeds to the pre-petition sale of her residence. The Debtor claimed a wildcard

exemption of the proceeds which the Trustee paid to her.  Any ruling by this Court will not affect the Debtor:  she made her choice to claim a wildcard exemption and not a homestead exemption. Her amended claim of exemption rendered her appeal as being moot.

The Trustee states in the alternative the Debtor's appeal should be denied and the ruling of the Bankruptcy Court be affirmed. 11 U.S.C. §522(d)(1) does not authorize the exemption of the proceeds from the sale of a homestead which occurred prior to the filing of the bankruptcy petition.  The facts are not in dispute and as a matter of law, the Debtor could not claim a homestead exemption of the proceeds on the day she filed bankruptcy.   The caselaw supports the Trustee's position.  There is no basis for the Debtor's argument federal common law permits and perhaps requires this Court to find an exception which permits the exemption of the proceeds from the sale of the homestead based on Kentucky law. As the Trustee noted, based on the language in the *Law v. Segal*, 571 U.S. 415, 134 S. Ct. 1188, 188 L. Ed. 146 (2014), decision, a bankruptcy court does not possess the authority to create additional exceptions to 11 U.S.C. §522(d)(1).

## <u>CERTIFICATE OF COMPLIANCE</u>

Appellee's brief is compliant with Rule 8015 (a)(7) or (b) as it contains fewer than 13,000 words and no more than 1300 lines of text.

Respectfully Submitted,

/s/ Mark Little
Mark Little
Chapter 7 Trustee
44 Union Street
Madisonville, Kentucky 42431
(270) 871-6260
trustee@littlelawky.com

## CERTIFICATE OF SERVICE

In accordance with Local Rule 9036-1, I certify on April 26, 2022 I sent a copy of the foregoing Appellee's Brief to all parties consenting to service by electronic means through the Sixth Circuit Court of Appeals CM/ECF system.

/s/ Mark Little
Mark Little